## RICHARDSON & VAIL v. BOUCK.

1. **Vendor and Vendee:** WARRANTY. When goods are shown to have been purchased without a warranty, and no misrepresentation by the vendor is claimed, and they were shipped as ordered, in good condition, the presumption of warranty will not be entertained, under which proof of the worthlessness of the goods received can be allowed to defeat the vendor's claim for the purchase price.

*Appeal from Buchanan Circuit Court.*

THURSDAY, DECEMBER 16.

Plaintiffs sue to recover the amount of two bills of nursery stock, sold to the defendant by them, one for $13.25, and the other for $123.33, which they allege to be due and unpaid.

The defendant in his answer admits the first named sum to be due, and as to the other bill he alleges that he purchased of plaintiffs a bill of nursery stock of that amount, but says that all of the stock was "bad and dead" when it was received; that it was of no value to him; that plaintiffs warranted the stock to be in good condition, and relying on the warranty he ordered the same, but that it was worthless.

Plaintiffs, in their reply, deny that they warranted the

stock to be in good condition, or that it was bad or dead when received, or of no value.

The cause was tried to the court without a jury, who found for the plaintiffs for a part of their claim only, and rendered judgment thereon for $15.25 and costs. Plaintiffs appeal.

*D. W. Bruckart* and *D. S. Lee*, for appellants.

*J. S. Woodward*, for appellee.

MILLER, CH. J.—The evidence shows, without conflict, that the defendant ordered nursery stock of plaintiffs, who resided and carried on the nursery business at Geneva, New York; that they shipped the stock in pursuance of defendant's orders, consigned to him at Independence, Iowa; that the stock was properly packed and shipped in good order, and

1. VENDOR and vendee: warranty. was of the quality ordered; that there was no warranty made or given to the plaintiffs as to the quality or condition of the stock ordered, and there is no evi‐ dence of fraud or misrepresentation, or bad faith in any respect, on the part of plaintiffs. There was, therefore, no ground upon which the Circuit Court could legally deduct anything from the claims of the plaintiffs. There is an entire failure of proof as to the alleged warranty. The receipt of the nursery stock alleged to have been sold and delivered is admitted; that the defendant ordered just what he is charged for is admitted. It was shipped in good condition without warranty or fraud.

The entire defense is based upon the alleged warranty. There is no proof of that, and the defense has failed. The judgment should have been for plaintiffs for the amount of both bills, with interest and costs.

REVERSED.